

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



Honorable E. G. Garvey
County Auditor
Bexar County
San Antonio, Texas

Dear Sir:

Opinion No. O-1674
Re: Title 14 Code of Criminal
Procedure. Expenses for
requisitioned fugitives
from Justice; advancements
or payments for expenses out
of Bexar County's Officers'
Salary Fund)

     This will acknowledge receipt of your letter
of December 8, 1939, asking for an opinion of this de-
partment upon the questions therein stated. We quote
from your letter as follows:

     "As there seems to be some question
here as to the construction of Title 14,
Code of Criminal Procedure, Article 3912-5,
Vernon's Texas Statutes, 1936, Article
3899-b, and Article 3912-1, Vernon's Texas
Statutes, 1936, regarding certain legal
expenditures of county funds, I feel that
it is necessary to have an Attorney Gen-
eral's opinion covering this matter, so
I respectfully request that you furnish
me with an opinion covering the follow-
ing questions:

     "1.  (a)  If a requisition is issued by
the Governor of Texas in compliance with
Title 14, Code of Criminal Procedure, for
a person charged and indicted for a felony
in Bexar County and held under arrest in
another State, and the Governor has com-

THIS COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable E. G. Garvey, page 2

missioned a person or persons employed
in the offices of Sheriff or Criminal
District Attorney of Bexar County, to
take such requisition, can this County
legally advance money out of the Officers
Salary Fund of the Sheriff or out of any
other fund, to cover the actual expenses
incurred in taking requisition and re-
turning prisoner, until this expense has
been paid by the State, Article 1006,
Code of Criminal Procedure?

"(b) Can this County legally advance
money out of the Officers Salary Fund of
the Sheriff or out of any other funds for
the same purposes and under the same con-
ditions as above stated, if the State of
Texas has no appropriation to pay expenses
for this purpose?

"2. (a) If no requisition has been is-
sued by the Governor of Texas or the Gov-
ernor has refused to issue a requisition
for a person charged and indicted for a
felony in Bexar County and held under ar-
rest in another State, and it is the de-
sire of the Criminal District Attorney of
Bexar County to have the prisoner returned
to this County, can this County legally
disburse money out of the Officers Salary
Fund of the Sheriff or out of any other
fund, to cover the actual expenses in-
curred in going for and returning the
prisoner?

"(b) If your answer to Question 2
(a) is in the negative, can this County
legally disburse money out of the Officers
Salary Fund of the Sheriff or out of any
other fund under the same conditions as
stated in Question 2 (a) to cover the
actual expenses incurred to and from the
State line, if the Criminal District At-
torney personally pays the expenses in
going beyond the State line and returning
prisoner to the State line?

"3. Can this County legally disburse money out of the Officers Salary Fund of the Criminal District Attorney under Article 3912-g and 3912-1, for the same purposes and under the same conditions as stated in all of the preceding questions, and can this disbursement be made before indictment?

"4. Can this County legally disburse money out of the Officers Salary Fund of the Sheriff to cover actual expenses incurred in going for and returning a prisoner either within or without the State before the prisoner has been indicted for a felony?

"5. Can this County legally disburse money out of the Officers Salary Fund of the Criminal District Attorney or Sheriff, or out of any other fund to cover the actual expenses incurred in bringing a witness to this County from some other State?"

Articles 1005 and 1006, Code of Criminal Procedure, read as follows:

"Art. 1005. Governor may demand fugitive.

"When the Governor deems it proper to demand a person who has committed an offense in this State and has fled to another State or territory, he may commission any suitable person to take such requisition. The accused, if brought back to the State, shall be delivered up to the sheriff of the county in which it is alleged he has committed an offense.

"Art. 1006. Pay of agent.

"The officer or person so commissioned shall receive as compensation the actual and necessary traveling expenses upon requisition of the Governor to be allowed by such Governor and to be paid out of the State Treasury

Honorable E. G. Garvey, page 4

upon a certificate of the Governor re-
citing the services rendered and the al-
lowance therefor."

On July 6, 1939, this department held in an
opinion written by Honorable Bruce W. Bryant, Assistant
Attorney General, addressed to Honorable George H.
Sheppard, Comptroller of Public Accounts, that the
sheriff must look alone to Article 1006, Code of
Criminal Procedure, for his compensation, which is
payable out of the Governor's Law Enforcement Fund;
said opinion is No. O-1016. We are enclosing a copy
of that opinion and also a copy of our opinion No.
O-1590, which answers questions closely related to
the questions submitted in your inquiry.

The United States Code Annotated, Title 18,
Section 662, provides that:

"All costs or expenses incurred in
the apprehending, securing and transmit-
ting such fugitive to the state or terri-
tory making such demand, shall be paid by
such state or territory."

In the case of Ex parte Goodman , 182 S. W.
1120, the court held that the laws of Texas are gov-
erned by the above mentioned Congressional Act.

The above mentioned federal statute provides
that all costs or expenses incurred in the apprehending,
securing and transmitting of the fugitive to the state
or territory demanding, shall be paid by that state.

Paragraph (d) of Section 19, Article 3912e,
Vernon's Civil Statutes, definitely provides and fixes
the amount of salary to be paid to the district attorney
or criminal district attorney, as the case may be, and
other officers named therein in counties having a popu-
lation in excess of 190,000 inhabitants, according to
the last preceding federal census, and as Bexar County
has a population of over 190,000 inhabitants, according
to the last federal census, this statute is applicable
to said county relative to the various salaries men-
tioned therein.

Paragraph (g) of Section 19 of Article

Honorable E. G. Garvey, page 5

3912e, supra, reads as follows:

"In addition to other sums provided in
this section, the district attorney or crim-
inal district attorney may be allowed by or-
der of the Commissioners' Court of his county
such amount as said court may deem necessary
to pay for, or aid in, the proper administra-
tion of the duties of such office, not to ex-
ceed Two Thousand Five Hundred ($2,500.00)
Dollars in any one calendar year; provided,
that such amounts as may be allowed shall be
allowed upon written application of such dis-
trict attorney or criminal district attorney
showing the necessity therefor, and provided
further that said Commissioners' Court may
require any other evidence that it may deem
necessary to show the necessity for any such
expenditures, and that its judgment in allow-
ing or refusing to allow the same shall be
final. No payment therefor shall be made
except upon an itemized sworn statement of
such expenses filed in the manner provided
in this section for other expenses."

Paragraphs (i) and (j) of Section 19 of Article
3912e, supra, read as follows:

"(i) There shall be created a fund
for each officer affected by the provisions
hereof to be known as the'_____
Salary Fund of _____ County,
Texas' (insert the title of the officer
affected and the name of the county) and
such fund shall be kept separate and apart
from all other county funds and shall be
held and disbursed for the purpose of pay-
ing the salary of such officer, the salaries
of his deputies, assistants, clerks, stenog-
raphers, and investigators who are authorized
to draw a salary from said fund under the pro-
visions of this Section and to pay the author-
ized and approved expenses of his office.
Such fund shall be deposited in the county
depository and shall be protected to the
same extent, and draw the same interest,
as other county funds. The Commissioners'

Court of each county affected by the provisions of this Section, at its first regular meeting in January of each calendar year, may determine, by order made and entered in the minutes of said court, that all fees, costs, compensation, salaries, expenses, etc., provided for in this Section, shall be paid into and drawn from the general fund of such county; in which event each reference in this Section to a salary fund shall be read as and interpreted to be 'General Fund.'

"(j) Each district, county, and precinct officer who shall be compensated on a salary basis shall continue to charge for the benefit of the Officers' Salary Fund of his office provided for in this Section, all fees and commissions which he is now or hereafter may be authorized to charge against and collect from the State of Texas for services performed by him in civil proceedings and to file claims for the fees or commissions due for such services in the manner now or hereafter provided by law; and it shall be the duty of said officer to account for and cause to be paid to the salary fund created for such officer all such commissions and fees when paid by the State in like manner as for costs collected from private parties; provided further, that such warrants issued by the State Comptroller of Public Accounts shall be made payable jointly to the officer in office at the date of payment and to the county treasurer, and that upon endorsement thereof such warrants shall be deposited forthwith by said county treasurer in the salary fund created for such officer."

Paragraph (L) of Section 19 of Article 3912e, supra, reads in part as follows:

"(1) Each district, county and precinct officer receiving an annual salary as compensation shall be entitled, subject to the provisions of this Section, to issue warrants against the salary fund created

Honorable B. G. Carvey, page 7

ceive for services performed under their
authorizations of employment. And such
officer shall be entitled to file claims
for and issue warrants in payment of all
actual and necessary expenses incurred by
him in the conduct of his office, such
as stationary, stamps, telephone, travel-
ing expenses, premiums on deputies' bonds,
and other necessary expenses. If such ex-
penses be incurred in connection with any
particular case, such claim shall state
such case. All such claims shall be sub-
ject to the audit of the county auditor;
and if it appears that any item of such
expense was not incurred by such officer,
or such item was not a necessary expense
of office, or such claim is incorrect or
unlawful, such item shall be by such auditor
rejected, in which case the correctness,
legality, or necessity of such item may be
adjudicated in any Court of competent jur-
isdiction. Provided, the Assessor and
Collector of Taxes shall be authorized in
like manner annually to incur and pay for
insurance premiums in a reasonable sum for
policies to carry insurance against loss
of funds by fire, burglary or theft.

"At the close of each month of the
tenure of office, each officer named herein
shall make as a part of the report required
by Subsection (o) of this Section an itemized
and sworn statement of all expense claims
paid during said month. And said report
shall give the name, position, and amount
paid to each authorized employee of such
officer. Such deputies, assistants, clerks,
or other employees as well as expenses shall
be paid from the Officers' Salary Fund in
cases in which the officer is on a salary
basis, and from fees earned and collected
by such officer in all cases in which the
officer is compensated on a basis of fees earned
by him."

Honorable E. G. Garvey, page 8

Paragraph (o) of Section 19 of Article 3912e, supra, reads as follows:

"The fiscal year, within the meaning of this Section, shall begin on January 1st of each year; and each district, county, and precinct officer shall file his annual report and make the final settlement required in this Act by January 15th of each year; provided, however, that officers receiving an annual salary as compensation for their services shall on or before the fifth day of each month file with the county auditor on forms prescribed by him and as part of the report required by subsection (1) of this Section, a detailed and itemized report of all fees, commissions, and compensations collected by him during the preceding month, and shall forthwith pay into the Officers' Salary Fund for his office, all fees, commissions, and compensations collected by him during said month. Whenever such officer serves a fractional part of the fiscal year, he shall, nevertheless, file his report and make final settlement for such part of the year as he serves and shall be entitled to such proportionate part of his compensation as the time of his service bears to the entire year."

Conference opinion No. 2862, Reports of Attorney General, 1930-1932, page 291, dated July 12, 1931, construed the law to be that when a sheriff was commissioned by the Governor of Texas to go to another state after a fugitive from justice for whom the Governor had issued a requisition, he could receive such compensation only as the Governor might allow him, under the authority conferred by Article 1006, Code of Criminal Procedure.

In the case of Brightman v. State, 59 S. W. (2d) 112, the sheriff of Comanche County was dissatisfied with the conclusions of law set out in the above mentioned opinion and sought to have the Supreme Court compel the Comptroller to approve his account, which the Comptroller had previously refused to do, and in which he had a claim for mileage to and from the state

line. The facts in the case may be briefly stated as follows: He had been commissioned by the Governor to go to the State of Montana for a fugitive from justice, who had been indicted in Comanche County for a felony. He was also armed with a capias issued for the refugee by the district clerk of Comanche County. This capias was read to the fugitive by the sheriff as soon as the sheriff and his prisoner crossed the state line at Dalhart, Texas. Brightman claimed no compensation from Dalhart to the place of arrest in Montana, nor for returning the prisoner to Dalhart, but sought only the statutory fee for making the arrest in Texas, and the statutory mileage traveled in going to Dalhart and for returning the prisoner from that place to Comanche. The refugee waived his extradition rights, if any he had, after the Governor of Montana had issued his executive warrant for his arrest and delivered it to Brightman. It was the contention that he was acting in the dual capacity of both sheriff and agent, and could collect his fees as sheriff for services rendered in the State, and waived his right to such compensation as the Governor might allow him as agent under Article 1006, Code of Criminal Procedure. The court rejected his contention and sustained the construction given the applicable statutes in conference opinion No. 2862, supra.

In view of the foregoing authorities, we answer your questions as follows:

Your question No. 1 (a) is answered in the negative, because such person travels not as an officer, but as an agent of the Governor, and must look to Article 1006, Code of Criminal Procedure, alone for his compensation. The officers' salary fund can be used only to pay salaries and other expenses authorized by law and in the manner prescribed by statute. There is no duty imposed upon the district attorney or criminal district attorney, as the case may be, to go for and return fugitives to the demanding county. There is no provision made for advancement of expense money to any officer, by either Section (b) of Article 3899 or paragraph (G), Section 19, Article 3912c.

Subdivision (b) of your first question is also answered in the negative for reasons stated above, and such expense cannot be paid out of the general fund for

Honorable E. G. Carvey, page 10

reasons stated in opinion No. 0-1590.

Your question No. 2(a) is answered in the negative because the statutes do not authorize such expenditures as mentioned in this question.

Question No. 2 (b) is answered in the affirmative, provided the sheriff or some other peace officer goes to the state line and arrests the fugitive and returns him to the demanding county; his necessary and actual expenses are allowed by the above mentioned statutes.

Our answers to the preceding questions necessarily answer your third question,--only such expenses can be paid as above described; it is immaterial whether such expenses are incurred and paid before or after indictment.

We are unable to find Article 3912-1 mentioned in your inquiry. However, if you refer to Article 3912e-1, we call your attention to the fact that this statute applies to counties having a population of 300,000 inhabitants or more, and less than 355,000 inhabitants, according to the last preceding federal census, and therefore does not apply to Bexar County.

Question No. 4 is answered in the affirmative so far as the actual and necessary expenses apply to services rendered by the sheriff or some other peace officer returning a prisoner to the demanding county within this State, but neither the sheriff nor any other peace officer would be entitled to any expenses beyond the state line without first obtaining a requisition as provided in Articles 1005 and 1006, Code of Criminal Procedure. The above mentioned statutes do not provide for any expenses of officers beyond the state line, except as may be allowed under Article 1006, Code of Criminal Procedure.

Your question No. 5 is answered in the negative, as there is no statutory authority for securing an out-of-state witness, nor is there any provision made whatsoever for compensating such witness or allowing the actual expenses incurred in securing such witness. In this connection, we call your attention to the policy of the Comptroller's office in allowing and paying witnesses' fees to an out-of-state witness where such witness is

305

Honorable R. G. Garvey, page 11


subpoenaed within the State in the same amount and manner
as out-of-county witnesses are paid.  To illustrate, if
an out-of-state witness voluntarily comes to a point with-
in the State,-for instance, if such witness comes to
Texarkana and is subpoenaed to appear in court in San
Antonio, such witness would be entitled to such witness
fees and mileage from Texarkana to San Antonio, and from
San Antonio to Texarkana,as if such witness resided in
Texarkana.

      Trusting that the foregoing fully answers your
inquiry, we remain,

                          Yours very truly

                    ATTORNEY GENERAL OF TEXAS

                    By                          

                                    Ardell Williams
                                    Assistant

AW:LW

APPROVED JAN 16, 1940

FIRST ASSISTANT
ATTORNEY GENERAL



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN